# MEMORANDUM OF POINTS AND AUTHORITIES

# STATEMENT OF THE FACTS

The defendant Basho Elliot files this Motion in Limine seeking a pretrial ruling on whether the defendant's offer of defense expert testimony would open the door to the admission of the defendant's previously suppressed post arrest statements obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). In ruling on this motion, the Court need only consider the case of James v. Illinois, 493 U.S. 307 (1990) which held that statements of a defendant that have been suppressed under Miranda may never be offered into evidence in order to impeach a defense witness other than the defendant.

Prior to the first trial, the defendant moved to suppress his post arrest statements on the grounds that they were obtained in violation of Miranda. After a hearing, the Court granted the motion to suppress the defendant's statements that were made in response to police interrogation prior to the agents advising the defendant concerning his rights under Miranda. The defendant was asked if he would call the people in California that sent the drugs and complete the delivery to the drugs to the people in Hawaii. The defendant stated that he could not do that because they would kill him and his family. The defendant further stated that he wished he could help but that this was his deal and he would take responsibility

3

for the drugs. Finally, the defendant stated that his wife knew nothing about the drugs. Since these statements were made prior to the reading of his Miranda rights, the Court suppressed all of these statements. (Exhibit A, D.E.A. Report of Post Arrest Statements)

The defendant now renews the motion to suppress his statements for violation of his constitutional rights under Miranda. Since the court has already heard a contested evidentiary hearing on the motion to suppress the statements, and there are no changed facts, the Court can simply confirm its previous order suppressing the statements under the Miranda. The further issue raised by this motion concerns whether the suppressed statements of the defendant under Miranda may be used to impeach the testimony of defense expert witness Frank Panessa. This issue was previously argued and ruled upon during the defendant's first trial. (6 R.T. 203-228) The defendant seeks reconsideration of those rulings in light of the Supreme Court decision in James v. Illinois, 493 U.S. 307 (1990).

Prior to the first trial, the defendant submitted a letter to the Court outlining the anticipated expert testimony of defense expert Frank Panessa. In the letter there are two areas of his testimony that are in issue in this motion. They are:

> 3. The failure to search Mr. Meston's house given the anticipatory search warrant, his consent to do so and his statement that he was involved in a series of prior cocaine trafficking events is a glaring and serious breach

of normal DEA procedures and resulted in a situation in which Mr. Meston's version of events were not appropriately investigated;

. . . .

6. The DEA normally investigates where the cash came from. In this case, the DEA never checked on the origin of the cash found at Defendant's residence and never made any investigation into Mr. Meston's finances. Cases of multiple shipments of kilograms of cocaine normally involve amounts of cash far in excess of the cash found at Defendant's residence; (Exhibit B, Letter to Court)

During the defendant's first trial, the Court ruled that if the defendant offered expert testimony from defense expert Frank Panessa on the topics summarized in paragraphs three and six, then the door was opened to allow the government to impeach the witness with the defendant's post arrest statements that had been suppressed under Miranda. (6 R.T. 203-227) The defendant's counsel objected that this ruling was an improper expansion of the Supreme Court's holding in Harris v. New York, 401 U.S. 222 (1971). (6 R.T. 224) The Court overruled the objection and refused to change its ruling, stating that such evidence would open the door to allow the government to offer the defendant's suppressed statements. (6 R.T. 224) In light of the Court's ruling, defense counsel withdrew the expert testimony outlined in paragraphs three and six. (6 R.T. 207, 227) Defense counsel withdrew the evidence under protest because he did not wish to open the door and have the defendant's suppressed statements admitted into evidence during the trial. (6 R.T. 227)

5

The defendant now asks the Court to reconsider its ruling and rule that the offer of evidence in paragraphs three and six would not open the door to the admissibility of the suppressed statements of the defendant. The court's prior ruling should be reconsidered based upon James v. Illinois, 493 U.S. 307 (1990).

## ARGUMENT

### I

### ILLEGALLY OBTAINED STATEMENTS OF A DEFENDANT MAY NOT BE USED TO IMPEACH THE TESTIMONY OF OTHER DEFENSE WITNESSES

In Harris v. New York, 401 U.S. 222 (1971) a defendant charged with selling heroin to an undercover police officer took the stand and denied selling any drugs to the officer. On cross-examination, the prosecutor asked the defendant whether he had given a statement to the police immediately after his arrest in which he told the police that he had acted as a middleman to buy the heroin from a third person with money furnished by the undercover police officer. The defendant's post arrest statement had been previously suppressed based upon a violation of Miranda v. Arizona, 384 U.S. 436 (1966). The trial court allowed the statement to be used in order to impeach the defendant.

The United States Supreme Court affirmed the conviction, holding

that the statements originally suppressed under <u>Miranda</u> were properly admitted for impeachment purposes because the post arrest statement "contradicted petitioner's direct testimony." <u>Harris v. New York</u>, supra, at 223, 227. The Court stated that: "The shield provided by <u>Miranda</u> cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. We hold, therefore, that petitioner's credibility was appropriately impeached by the use of his earlier conflicting statements." <u>Harris v. New York</u>, supra, at 226. See also <u>United States v. Havens</u>, 446 U.S. 620, 624 (1980); <u>United States v. Martinez</u>, 967 F.2d 1343, 1347-1348 (9th Cir. 1992).

The rule in <u>Harris v. New York</u>, only applies to the impeachment of the defendant himself. It does not apply to the impeachment of other defense witnesses. <u>James v. Illinois</u>, 493 U.S. 307 (1990). In <u>James</u>, the defendant was charged with murder. When James was arrested he told the police that on the day of the shooting his hair had been reddish brown and combed straight back, and that he had just dyed and curled it in order to change his appearance. The trial court granted a motion to suppress the statements of the grounds that James had been unlawfully arrested. At trial, eyewitnesses testified that the shooter had slicked-back, reddish hair and that they had seen James several weeks earlier with hair that same color and style. The eyewitnesses also identified James as the shooter even though at trial, James wore his hair in a natural curly style. James

7

did not testify in his defense, but called a defense witness who testified that of the day of the shooting, James had black hair. The trial court permitted the prosecution to introduce James' illegally obtained statements to impeach the defense witness' testimony.

The United States Supreme Court held that it was error to allow a defense witness to be impeached by evidence of the defendant's post arrest statement that had been previously suppressed. The Court stated that by expanding the impeachment exception to encompass the testimony of all defense witnesses, the trial court had misapplied the limited holding in Harris v. New York, 401 U.S. 222 (1971). Harris was intended to prevent the defendant himself from committing perjury on the witness stand. Applying the Harris rationale to other defense witnesses was error because it "would chill some defendants from presenting their best defense – and sometimes any defense at all – through the testimony of others." James v. Illinois, supra at 314 – 315.

Under the James case, the defendant does not open the door to the admissibility of his suppressed statements by calling defense witnesses such as Frank Panessa. The defendant's suppressed statements would only become admissible for impeachment purposes if the defendant himself testifies as a defense witness. The suppressed statements may not be used to impeach the defense expert witness Frank Panessa.

8

Furthermore, denying the government the use of the defendant's post arrest statements that have been suppressed under <u>Miranda</u> does not lead to any unfairness to the government. The defendant may offer expert testimony concerning weaknesses in the government's investigation in this case regardless of what the defendant may have told the police officers at the time of his arrest. Any defendant charged with a crime has the right to present evidence and argue to the jury that the prosecution has not proven their case beyond the reasonable doubt. The defendant does not stand on a lesser footing merely because he made incriminating statements that were later suppressed under <u>Miranda</u>. Furthermore, it is no justification for the government to conduct an incomplete criminal investigation merely because one or more suspects may have made incriminating admissions or confessions.

In short, a defendant in a criminal case is entitled to attack the government's case and argue reasonable doubt without opening the door to allow the admission of his suppressed post arrest statements. In this case, the defense intends to show that the government investigation was deficient for two reasons. First, the DEA failed to search the house of John Meston to determine the full extent of his criminal involvement in drug trafficking. Second, the DEA failed to conduct a financial investigation of John Meston to determine the full extent of his involvement in criminal drug trafficking and to determine whether he was a

credible prospective witness for the government. To explain these deficiencies, the defendant intends to call defense expert witness, Frank Panessa.

By offering expert testimony that the government failed to search John Meston's house and failed to conduct a financial investigation of John Meston, the defense is not offering perjured testimony. The defense is merely presenting evidence concerning the deficiencies in the government's investigation. It is true that it any criminal case where defense witnesses challenge the government's theory, the government's case would be stronger if it could use in rebuttal evidence previously suppressed by the Court. However, under Harris v. New York, supra, that right is strictly limited to circumstances where the defendant actually testifies as a defense witness. If the defendant testifies in a manner contrary to the statements that he previously gave but were suppressed, then the statements becomes relevant to impeach the defendant's testimony and to prevent the defendant from committing perjury. That rationale does not apply in the situation before this Court in which the defendant seeks to introduced expert testimony concerning the deficiencies of the government's investigation in this case.

## CONCLUSION

Based upon the foregoing, the defendant urges the Court to grant the motion in limine and bar the government from using the defendant's suppressed statements to impeach defense witness Frank Panessa.

Dated:     January 10, 2007

_____
JOSEPH T. VODNOY
Attorney for Defendant
BASHO ELLIOT

## CERTIFICATION OF WORD COUNT

The reply brief contains 1,943 words.

_____
JOSEPH T. VODNOY

11