# EXHIBIT B

FROM :                                          FAX NO. :                          Apr. 02 2004 04:22PM P1

LAW OFFICES
RICHARD H. GORDON
9777 WILSHIRE BOULEVARD, SUITE 1000
BEVERLY HILLS, CALIFORNIA 90212-1969
(310) 278-4331
FAX (310) 278-5689

April 2, 2004

VIA FACSIMILE (808) 541-1724

Honorable Susan Oki Mollway
United States District Court Judge
Federal Courthouse
300 Ala Moana Blvd.
Honolulu, Hi. 96850

      Re: USA v. Basho Elliot
          CR. No. 03-00244 (01) SOM/BMK

Dear Judge Mollway:

      Pursuant to your Order of April 1, this letter is intended as a proffer regarding the expert testimony the Defendant intends to offer at trial from Frank Panessa. **This letter is submitted "In Camera" because it is a road map for the prosecution to the defense theory of this matter and would give the prosecution an unfair, unwarranted and unentitled advantage in preparing its witnesses both for direct and cross examination.**

      Mr. Panessa was a DEA special agent for over twenty-five (25) years and retired as the ASAC in the DEA's Philadelphia office. A copy of Mr. Panessa's Professional Experience Summary is enclosed with this fax. The defense anticipates Mr. Panessa will testify as to his experience, in rebuttal to the prosecution's expert and, further, as follows:

      1. Cocaine traffickers are typically in possession of certain items including scales, packaging equipment and substances with which to dilute the cocaine before sale. None of these items were found at Defendant's residence or in his vehicle;

      2. The seized substance tested 87% pure. This is not street grade. It is most likely the seized substance would have been diluted before it was sold;

      3. The failure to search Mr. Meston's house given the anticipatory search warrant, his consent to do so and his statement that he was involved in a series of prior cocaine trafficking events is a glaring and serious breach of normal DEA procedures and resulted in a situation in which Mr. Meston's version of events was not appropriately investigated;

April 2, 2004
Honorable Susan Oki Mollway

4. Drug dealers and convicted felons are not trustworthy or credible. They regularly lie to the authorities and regularly falsely accuse others of criminal activity in order to avoid their own culpability and in order to obtain a lighter sentence;

5. Mr. Meston received a sweetheart deal for his testimony against the Defendant. Mr. Meston was not even charged with any offense for his **admitted** prior acts of trafficking in cocaine nor for several other federal felonies he committed. Moreover, Mr. Meston, if believed by this Court, would be eligible for a substantial reduction from guideline sentencing based on his cooperation and early plea on the one count he was charged with;

6. The DEA normally investigates where the cash came from. In this case the DEA never checked on the origin of the cash found at Defendant's residence and never made any investigation into Mr. Meston's finances. Cases of multiple shipments of kilograms of cocaine normally involve amounts of cash far in excess of the cash found at Defendant's residence;

7. When the recipient of a large shipment of cocaine loses the cocaine he is responsible to the shipper for its value. There are a series of events in Mr. Meston's post arrest conduct that are consistent with his reimbursing the shipper for the value of the seized cocaine.

8. Normal DEA procedure would have been to attempt to identify the shipper of the cocaine. There are a number of investigative techniques that are normally used but that were not used in this matter;

9. The government's 404(b) evidence is not consistent with or related to cocaine trafficking;

10. DEA agents are trained to follow through and run down all potential avenues of evidence and investigation. DEA agents pride themselves on this but it did not happen in this matter. If he had been ASAC in Honolulu he would have taken numerous additional investigative steps to verify Mr. Meston's story and to investigate the Defendant; and

11. When Fedex packages are delivered late, appeared tampered with and/or are light, drug dealers are alerted that there may be a problem and take steps to avoid culpability.

I look forward to speaking with you later this afternoon in the conference call and to appearing before you on April 6 to begin this trial.

Very truly yours,

Richard H. Gordon