1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF HAWAII

 3                                  )
    UNITED STATES OF AMERICA,       )  CR 03-00244 SOM 01
 4                                  )
              Plaintiff,            )  Honolulu, Hawaii
 5       vs.                        )  April 2, 2004
                                    )  4:15 P.M.
 6  BASHO ELLIOT,                   )
                                    )  Continued Hearing on
 7            Defendant.            )  Government's Motion in
                                    )  Limine to Exclude Testimony
 8  _____)  of Frank Panessa

 9              TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HONORABLE SUSAN OKI MOLLWAY
                UNITED STATES DISTRICT JUDGE
11
12  APPEARANCES:

13  For the Government:       BEVERLY WEE SAMESHIMA
                              Office of the U.S. Attorney
14                            PJKK Federal Bldg.
                              300 Ala Moana Blvd. Ste. 6100
15                            Honolulu, HI 96850

16  For the Defendant:        PHILIP H. LOWENTHAL
                              Lowenthal & August
17                            33 N. Market St., Ste. 101
                              Wailuku, HI 96793
18
                              RICHARD H. GORDON
19                            9777 Wilshire Blvd., Ste. 1000
                              Beverly Hills, CA 90212
20
    Official Court Reporter:  Debra Kekuna Chun, RPR, CRR
21                            United States District Court
                              300 Ala Moana Blvd. Ste. C285
22                            Honolulu, HI 96850
                              (808) 534-0667
23

24
    Proceedings recorded by machine shorthand, transcript produced
25  with computer-aided transcription (CAT).
```


EXHIBIT D

```
 1    FRIDAY, APRIL 2, 2004              4:00 O'CLOCK P.M.
 2         (Telephone conference call in chambers:)
 3         THE CLERK:  Criminal 03-244 SOM, United States of
 4    America versus, defendant 1, Basho Elliot.  This case has been
 5    called for a Continued Hearing on Government's Motion in Limine
 6    to Exclude Testimony of Frank Panessa.
 7         THE COURT:  Okay.  I'll go ahead and have you put
 8    your appearances on the record.
 9         MS. SAMESHIMA:  Beverly Wee Sameshima, Assistant U.S.
10    Attorney, on behalf of the United States.
11         MR. GORDON:  Richard Gordon on behalf of the
12    defendant Basho Elliot.
13         MR. LOWENTHAL:  Philip Lowenthal on behalf of
14    defendant.
15         THE COURT:  Okay.  So this is a continuation of
16    yesterday's hearing; so I take it that the defense is
17    continuing to waive the presence of Mr. Elliot for purposes of
18    resolving these motions.  Is that correct?
19         MR. GORDON:  Yes, Your Honor.
20         THE COURT:  Okay.  That was Mr. Gordon?
21         MR. GORDON:  Yes, Your Honor.
22         THE COURT:  Okay.  I need for you folks to -- Miss
23    Sameshima doesn't have to tell me who she is because I think I
24    can tell her voice apart from everybody else's.  But --
25         MR. LOWENTHAL:  Your Honor, this is Philip Lowenthal.
```

1  I won't be saying anything, unless I identify myself.
2  Otherwise --
3           THE COURT:  Okay.  Great.  That will help me.
4           MR. GORDON:  And I will identify myself.
5           THE COURT:  Okay.  So I have Miss Sameshima's letter
6  giving numbers and figures and so forth for Agent Lawson.  Did
7  you get that, Mr. Gordon?
8           MR. GORDON:  Yes, Your Honor.
9           THE COURT:  And then I have a letter from you that
10 says that you are submitting this only to me.  What, if
11 anything, did you submit to Miss Sameshima?
12          MR. GORDON:  An amended witness list.
13          THE COURT:  Okay.  Well, let's first talk about this
14 letter that you gave to me only.
15          This letter that you gave to me has a summary of Mr.
16 Panessa's areas of testimony, but I guess I'm a little
17 concerned about why you think you can give this only to me.
18 Because I'm looking at Rule 16 of the Federal Rules of Criminal
19 Procedure, and it seems to me under Section (b)(1)(C) of Rule
20 16 you have to give this to the prosecution.
21          MR. GORDON:  I have given -- Your Honor, this is
22 Richard Gordon.  May I speak?
23          THE COURT:  Certainly.
24          MR. GORDON:  Thank you, Your Honor.
25          I have given the prosecutor two letters that are

```
 1    fully compliant with Rule 16(b).  The first letter -- both are
 2    attached to the motion.  I think you have them in your file.
 3    They're attached to the defendant's opposition to the United
 4    States' motion in limine.
 5              The first letter was sent on March 18th -- I'm sorry.
 6    Yes, March 18th.  And lists the areas that Mr. Panessa is going
 7    to testify in.  And the second letter was sent on March 23d and
 8    sends the prosecutor a copy of Mr. Panessa's professional
 9    experience summary.
10              If you look at Rule 16, and I know you have it right
11    in front of you, that is what the rule calls for.  It doesn't
12    call for the breakdown in specificity that I've given you
13    in-camera.  As a matter of fact, giving that specificity to the
14    United States at this point in the proceedings would be
15    extremely prejudicial to the defendant.  They're not entitled
16    to learn the defense theory of the case through disclosure of
17    expert witness testimony.
18              THE COURT:  Well, I don't think that that listing of
19    those four areas satisfies Rule 16(b)(1)(C), which requires you
20    to give to the government, quote, a written summary of any
21    testimony that the defendant intends to use under the expert
22    rules.  So that's why I asked for more.
23              Now, you can --
24              MR. GORDON:  I believe I have given you more.
25              THE COURT:  You certainly have, but I don't think the
```

1    government yet has, quote, a written summary of any testimony
2    that the defendant intends to use under Rule 702, 703, or 705.
3    And so you have to give the government more than the March 18
4    listing of the four categories and a CV of Mr. Panessa to avoid
5    having Mr. Panessa stricken.  And that was the whole import of
6    my requirement that you give the government more by four
7    o'clock today.  It wasn't an attempt just for me to get more,
8    but it was also to comply with Rule 16.  I found that that
9    letter of March 18 didn't tell anybody anything.
10           MR. GORDON:  Well, it says that we're going to call
11   Mr. Panessa to rebut what the government expert testifies to.
12   It's hard to be more explicit there because we don't know what
13   the government expert is going to say on the stand.
14           THE COURT:  I'm actually not complaining about that,
15   but I am complaining about the Mr. Meston provision.  And I
16   know you weren't at the hearing yesterday, but I'm assuming Mr.
17   Lowenthal told you what occurred, and I'm not going to reargue
18   this.  But I found yesterday that it was an insufficient
19   disclosure, and that's why I needed more.
20           And so now I find that you're not giving more.  I
21   mean, you've given it to me, but I would like the benefit of
22   having the government's discussion of what it is you're going
23   to do with Mr. Meston, and I'm kind of concerned that you're
24   only giving that to me.
25           Now, maybe you can summarize, you know, what you have

1   in your April 2d letter to me in some way that you feel you can
2   give to them that complies with Rule 16 but somehow still gives
3   you some kind of protection. Because actually I'm telling you
4   that, as I look at this list, some of these things don't seem
5   to me to be proper areas of expert testimony in any event.
6   But, you know, I feel really odd talking about this in this ex
7   parte manner on an expert witness.
8          MR. GORDON: Well --
9          MS. SAMESHIMA: Your Honor, may I speak just briefly?
10         THE COURT: Sure.
11         MS. SAMESHIMA: I think the court was very explicit
12  in her order -- in your order yesterday, and that was the whole
13  purpose why the court deferred ruling on the government's
14  motion in limine with respect to Mr. Panessa. The court very
15  specifically went through the areas that were proffered in the
16  March 18th letter. We disposed of a) the rebuttal, and then
17  with respect to the remaining area with respect to the, quote,
18  credibility of Mr. Meston vis-a-vis the agent's investigation
19  or alleged insufficiency of that, you know, you specifically
20  asked the defense to further set forth what it is so that we
21  could -- everybody could analyze that and render a decision
22  because the court wasn't convinced that was, you know, we
23  didn't have enough. And for him now to say that, well, you
24  know, the government doesn't even get to see what that is is --
25  I don't know what to say. I'm sort of floored.

1         MR. GORDON:  It's very much protected.  The
2   government cannot discover the defense theory of its case in
3   expert witness discovery.
4         THE COURT:  I'm sorry.
5         MR. GORDON:  That's why the detailed testimony of Mr.
6   Panessa that we expect to elicit at trial was given in camera.
7   If the court feels that in camera is inappropriate, then, of
8   course, we will follow the court's instruction.
9         THE COURT:  Well, I'm offering you the chance to redo
10  this into something that you feel you can give.
11        MR. GORDON:  I accept.
12        THE COURT:  And when is it you're going to do that?
13        MR. GORDON:  Well, it's six o'clock in the afternoon
14  where I am, and my typists have retired for the weekend.  But I
15  could do it first thing on Monday.
16        MS. SAMESHIMA:  Your Honor, could I ask that the
17  letter that was sent to the court now then be disclosed to the
18  government.  I mean I guess I still don't understand why, if
19  that's the proffered opinions of the expert that they are
20  arguing should not be kept out, then I think I have a right to
21  see what that is.
22        MR. GORDON:  Well, the problem is that it discloses
23  the defense theories of the case.
24        THE COURT:  But that's what expert witnesses do, and
25  Rule 16 requires a summary of the testimony.  Not just a

```
 1    listing of vague areas but a summary of the testimony.  And so
 2    that's why I required Miss Sameshima to give you more numbers,
 3    and so she did.
 4              MR. GORDON:  Right.  And I have that.  I will stay
 5    here and myself type it and fax it to the United States
 6    Attorney this evening.
 7              THE COURT:  Well, then I'm going to talk to you folks
 8    again 10:30 on Monday.
 9              MR. GORDON:  I will be in an airplane, flying to
10    Honolulu at 10:30 on Monday.
11              THE COURT:  Fine.  Then you're going to have to rely
12    on Mr. Lowenthal for this.  Okay?
13              MR. LOWENTHAL:  I will also be on an airplane at
14    10:30 in the morning.
15              THE COURT:  Where are you going?
16              MR. LOWENTHAL:  I'm flying to Honolulu.
17              THE COURT:  Well, then, you shouldn't take very long.
18    It's a short airplane ride from Maui.
19              MR. LOWENTHAL:  It won't take me too long.  I'll be
20    there by 11:30.
21              THE COURT:  Well, 11:30 is not available for me.  I
22    will be in a hearing.
23              Can you talk to me at 8:30 in the morning, Mr.
24    Lowenthal?
25              MR. LOWENTHAL:  Yes.
```

9

```
1         THE COURT: Okay. Then I'll talk to Miss Sameshima
2    and Mr. Lowenthal at 8:30 in the morning by telephone on
3    April 5th.
4         MS. SAMESHIMA: And, Your Honor, if I could get
5    clarification that the order is that Mr. Gordon must fax this
6    letter to me.
7         THE COURT: No, not this letter because he wrote this
8    letter --
9         MS. SAMESHIMA: I understand. Whatever disclosure
10   he's going to give me, I should get this evening.
11        MR. GORDON: Within one hour.
12        THE COURT: Okay. So you'll get it in an hour. Send
13   it to me, too.
14        MR. GORDON: I'll send it to all three of you.
15        THE COURT: Okay. Great.
16        MR. GORDON: You know what I always say, Your Honor:
17   the next time I go to law school I'm going to take a little
18   less common law and a little more typing, and I'll be a better,
19   more efficient attorney.
20        MS. SAMESHIMA: Your Honor, could I raise another
21   issue.
22        THE COURT: Right. We still have the witness list to
23   talk about.
24        MS. SAMESHIMA: Right. And also you had ordered them
25   to advise the government how many character witnesses for Mr.
```

```
 1   Meston they were going to all.
 2          THE COURT:  Right.  So maybe they're not going to
 3   call any.  Can I hear from somebody on that.
 4          MR. GORDON:  Your Honor, the amended witness list
 5   includes a great deal of witnesses who are available to
 6   testify, depending on which lies Mr. Meston tells.  I don't
 7   anticipate that the majority of them actually will be called.
 8          MS. SAMESHIMA:  Especially since there's still two
 9   dead witnesses here on the list, Your Honor.  And, you know, I
10   don't think Mr. Gordon got the message from yesterday's final
11   pretrial conference.
12          THE COURT:  Well, okay.  First of all, how many
13   character witnesses for anyone other than Mr. Elliot are
14   included here?
15          MR. GORDON:  Less than 10.
16          THE COURT:  Well, who are they?
17          MR. GORDON:  If character witnesses include people
18   who are going to say that Mr. Meston lied on the stand, then
19   it's a great deal more than 10.  If it's about character traits
20   other than lying under oath, then it's 10.
21          THE COURT:  Wait.  If somebody is going to say, "I
22   know something about the facts of this case --
23          MR. GORDON:  Right.
24          THE COURT:  -- and I will tell you that X, Y, and Z
25   did not happen or did happen," that's not a character witness.
```

```
 1            MR. GORDON:  Correct.
 2            THE COURT:  But if you're talking about somebody who
 3   says, you know, for example, "Mr. Meston has a reputation in
 4   the community for always being honest or always being
 5   dishonest," then that's clearly a character witness.  So
 6   keeping those two categories apart, tell me which ones are
 7   going to be offered in whole or in part as character witnesses.
 8            MR. GORDON:  The last 10.
 9            THE COURT:  The last 10, meaning one, two -- Barry
10   Aoki and down; is that what you're talking about?
11            MR. GORDON:  Yes, Your Honor.
12            THE COURT:  Okay.  And are these all with respect to
13   Mr. Meston?
14            MR. GORDON:  Yes, Your Honor.
15            THE COURT:  Why do you need 10 people to come in to
16   talk about the character of Mr. Meston?
17            MR. GORDON:  I don't think I do.  What I needed to do
18   was list 10 people so that whichever ones actually showed up
19   were on the list.  I don't anticipate calling all 10.  I think
20   that Mr. Lowenthal gave you a three-day estimate for the
21   presentation of the defense case, and I intend to adhere to it.
22            THE COURT:  Well, I'm going to limit you to two
23   character witnesses on Mr. Meston.
24            MR. GORDON:  Okay.
25            THE COURT:  And we still -- I mean we have 73
```

1  witnesses here; so I'm still kind of mystified about this
2  three-day estimate with 73 witnesses.
3              Are there some you already know you're not going to
4  call?  Who are the dead people?
5              MS. SAMESHIMA:  Your Honor -- well, I'll let them
6  speak.  I know who they are.
7              THE COURT:  Have you really contacted these people?
8  I mean, if two of them are dead, I'm assuming you haven't.
9              MR. GORDON:  I have spoken to many people on this
10 list, not all.  My people who work for me have spoken to
11 others, and some have not been spoken to at all.
12             THE COURT:  Well, you know, Miss Sameshima, if
13 they're dead, then you don't have to worry about preparing for
14 them, so ...
15             MS. SAMESHIMA:  I know, but, Your Honor, I think the
16 point I was trying to make is I think this is a filing in bad
17 faith, and I don't think this kind of gamesmanship is
18 appropriate in our court.
19             MR. GORDON:  What game is being played?
20             THE COURT:  Well, there's so many witnesses in
21 comparison to the number of days that you estimate that it
22 seems you know that you're not going to call all of these
23 people.
24             MR. GORDON:  I agree.  I would so stipulate.  I don't
25 know which ones I'm not going to call, though.

```
 1              THE COURT:  Are you really juggling 73 witnesses?  I
 2   mean --
 3              MR. GORDON:  A great deal depends on what Mr. Meston
 4   testifies to.
 5              THE COURT:  Well, which ones turn on what Mr. Meston
 6   testifies to other than the last 10?
 7              MR. GORDON:  Most of them.
 8              THE COURT:  Which are the ones, so that we at least
 9   know which ones might not be called.
10              I mean, presumably, Mr. Elliot, Miss Curtiss, Mr.
11   Meston himself, Michael Elliot, those don't go to whatever it
12   is Mr. Meston says.  Those are going to be called no matter
13   what he says; right?
14              MR. GORDON:  Right.
15              THE COURT:  Okay.  What about Henry Meston?  Does he
16   turn on the content of Mr. Meston's testimony?
17              MR. GORDON:  No.
18              THE COURT:  Okay.  What about Laki Ka'ahumanu?
19              MR. GORDON:  No, she doesn't.
20              THE COURT:  Okay.  What about Anita Yim?
21              MR. GORDON:  No one down to Barbara Arens turns at
22   all on Mr. Meston's testimony.
23              THE COURT:  I'm looking for where she is.  Okay.
24              MR. GORDON:  Barbara Arens/Edeltraub.
25              THE COURT:  Got her.  Okay.  What about --
```

```
 1              MR. GORDON:  After that, most of the ones that
 2   follow, if not all the ones that follow, turn on what Mr.
 3   Meston does.
 4              THE COURT:  Okay.  Well, take a quick look and see if
 5   any do not.
 6              MR. GORDON:  They do.
 7              THE COURT:  Okay.  That's on the first page.
 8              Going to the second page.
 9              MR. GORDON:  Same answer.
10              THE COURT:  Okay.  Well, then that's how we'll leave
11   it.  But I'll talk to you folks again at 8:30 in the morning,
12   Monday, April 5.  Okay?
13              MR. GORDON:  Thank you, Your Honor.
14              THE COURT:  Okay.  Thank you.
15              MR. GORDON:  I will be faxing all three of you before
16   7:00 P.M. my time, which is 5:00 P.M. your time.
17              THE COURT:  Okay.  Thank you.
18              MR. GORDON:  Thank you very much.
19              THE COURT:  Okay.  Bye.
20         (Court recessed at 4:20 P.M.)
21
22
23
24
25
```

```
 1                  COURT REPORTER'S CERTIFICATE
 2            I, Debra Kekuna Chun, Official Court Reporter, United
 3    States District Court, District of Hawaii, do hereby certify
 4    that the foregoing is a correct transcript from the record of
 5    proceedings in the above-entitled matter.
 6            DATED at Honolulu, Hawaii, January 19, 2007.
 7
 8                                    /s/ Debra Chun
 9                                    DEBRA KEKUNA CHUN
10                                    RPR, CRR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```