JOSEPH T. VODNOY
Attorney at Law
California Bar No. 031147
316 West Second St., Suite 1200
Los Angeles, CA 90012
Tel: (213) 893-7500
Fax: (213) 489-4700
Attorney for Defendant
BASHO ELLIOT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 03-00244(1)SOM |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE CONCERNING USE OF EVIDENCE OF DEFENDANT'S STATEMENTS SUPPRESSED UNDER MIRANDA** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| BASHO ELLIOT, | ) | |
| | ) | |
| Defendant. | ) | Date:   February 23, 2007 |
| | ) | Time:   9:00 A.M. |
| _____ | ) | Judge:  Susan Oki Mollway |

The defendant, BASHO ELLIOT, hereby files this Reply to the

Government's Opposition to Defendant's Motion in Limine Concerning Use of

Evidence of Defendant's Statements Suppressed Under <u>Miranda</u>.

/s/ Joseph T. Vodnoy
JOSEPH T. VODNOY
Attorney for Defendant
BASHO ELLIOT

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **ARGUMENT**

## **I**

## **THE LAW THE CASE DOCTRINE DOES NOT APPLY**

## **TO A CASE THAT HAS NOT GONE TO JUDGEMENT**

The government argues that the Court may not reconsider its prior ruling on whether the testimony of expert witness Frank Panessa would open the door to introduction of the defendant's post arrest statements that were obtained in violation of Miranda. However, the law of the case doctrine does not apply to reconsideration of a suppression motion in a case that has not gone to final judgement.

In United States v. Smith, 389 F.3d 944 (9th Cir. 2004) a District Court granted a motion to suppress evidence seized from a defendant's car. The government moved for reconsideration. The District Court granted the motion for reconsideration and reversed its prior ruling. The Ninth Circuit held that the District Court did not err in reconsidering its earlier ruling because a District Court may reconsider its prior rulings as long as it retains jurisdiction over the case. The Ninth Circuit also held that the law of the case doctrine does not apply to a District Court's reconsideration of its own earlier decision prior to the entry of judgement. United States v. Smith, supra.

II

## ILLEGALLY OBTAINED STATEMENTS OF A DEFENDANT MAY NOT BE USED TO IMPEACH THE TESTIMONY OF OTHER DEFENSE WITNESSES

The government argues that the Court originally ruled that if Frank Panessa testifies that the agents failed to conduct a proper investigation in this case, including obtaining a search warrant for the residence of John Meston or further investigating John Meston's financial circumstances, this would open the door to testimony that the government had obtained confessions from both Elliot and Meston and therefore reasonably concluded these other investigative efforts were unnecessary.  The government notes that the Court originally relied upon the case of People v. Payne, 456 N.E. 2d 44 (1983).  In Payne, the Supreme Court of Illinois found there was no error in allowing the introduction of a gun which had been previously suppressed in order to rebut the false implication created by the defense in cross examining a police officer regarding the search of the defendant's apartment.  The Court stated that the defense had opened the door when cross examination of the officer led to the false impression that nothing connected to the robbery was recovered during the search of defendant's apartment.

However, People v. Payne, supra, was overruled by the United States Supreme Court in James v. Illinois, 493 U.S. 307 (1990).  In James, the defendant called a defense witness to testify that James had black hair on the day of the

3

shooting. Prosecution witnesses testified that the shooter had red hair. The defendant's confession suppressed under Miranda contained the defendant's admission that he had red hair on the day of the shooting, but that he had dyed it in order to change his appearance. The United States Supreme Court held that by calling a defense witness to testify that the defendant had black hair, the defendant did not open the door to allow impeachment of the defense witness with the statements of the defendant previously suppressed under Miranda.

The lower Court opinion in James v. Illinois, supra, was People v. James, 123 Ill.2d 523, 528 N.E. 2d 723 (1988). The Illinois Supreme Court in People v. James, supra, at 534, erroneously held that the defense witness could be impeached with the defendant's statements suppressed under Miranda. The Illinois Supreme Court relied on its earlier holding in People v. Payne, 98 Ill.2d 45 (1983) in order to allow the erroneous impeachment in James. Thus, when the James case went to the United States Supreme Court, the Court not only overruled the James decision, but in effect overruled People v. Payne, supra. Since the Payne case was relied upon by the District Court in this case in its earlier ruling allowing impeachment of defense expert witness Frank Panessa with the defendant's statements suppressed under Miranda, the Court should change its prior ruling. The Court was not aware of the Supreme Court decision James v. Illinois, supra, at the time that the Court was relying upon the overruled Payne case.

The government also relies upon Wilkes v. United States, 631 A.2d 880 (D.C. Cir. 1993) in support of its position. However, the Wilkes case is completely distinguishable. In Wilkes, the defendant made a post arrest statement describing his involvement in the murder. The statement was suppressed under Miranda. Thereafter, the defendant raised an insanity defense. During the defense psychiatrist interview of the defendant, the defendant told the psychiatrist that he had no recollection of the facts of the murder. The psychiatrist testified during the trial concerning his expert opinion and also testified concerning defendant's statements to the expert that he had no recollection about the murder. The Court held that the door was opened to impeach the defendant's statements to the psychiatrist with his contradictory arrest statements suppressed under Miranda.

In Wilkes, the Court noted that the impeachment exception to Miranda only allows the suppressed statements of the defendant to be offered to impeach the statements of the defendant himself. The impeachment exception should not be used to prevent the defendant from raising the best available defense. "A defendant may still avoid admission of the suppressed evidence if he or she does not open the door by telling something to a psychiatrist that is contradicted by that evidence." Wilkes v. United States, supra at 890.

Furthermore, the Wilkes case was limited to the facts of the case. It did not create a broad rule allowing impeachment of any defense expert or defense witness. In Wilkes the Court noted: "Our holding is limited to the factual context

5

of a case such as this, in which the defendant offers the testimony of a psychiatrist (or other expert) to support an insanity defense. We do not think that such a defendant should be allowed to lie to the psychiatrist and get away with it when there is evidence tending to show that he lied and a psychiatrist's diagnosis was based on that lie." Wilkes v. United States, supra at 890.

        In the defendant Elliot's case, the expert witness will not be testifying to any statements made by Basho Elliot which are inconsistent with statements that Mr. Elliott made at the time of his arrest. In fact, the defense expert witness Frank Panessa has never spoken to Basho Elliot and has not interviewed him. None of Mr. Panessa's expert opinion is based upon statements made by Elliot at the time of his arrest or statements made by Elliot at any other time. His expert opinion is simply based upon a review of the investigative techniques used by the DEA agents in their investigation of this case. Likewise, when the government's agents are cross-examined concerning whether or not they searched the home of John Meston or conducted a financial investigation of John Meston, the witnesses will not be asked to respond or make any comments concerning any statement made by the defendant Basho Elliot. Thus, their answers that they did not searched Meston's home or conduct a financial investigation of Meston would not open the door to allow the introduction of Mr. Elliot's post arrest statements.

        The government claims that they are being placed at a disadvantage because the agents would like to testify that they did not conduct a search of

Meston's home or an investigation of his finances because both Meston and Elliot had confessed, and in their view, the case had been solved at that time and there was no need to commit other investigative resources. Such an answer, however, is not allowed by the United States Supreme Court's holding in James v. Illinois, supra.

In the James case, the investigators would liked to have impeached defense witness Henderson who testified that the defendant had black hair on the day of the murder, by offering evidence that the defendant told them that he had red hair on the day of the shooting and that he changed the color of his hair in order to avoid detection. However, the Supreme Court held that such impeachment was not allowed, even though, to a certain extent it placed the prosecutor at a disadvantage. The reason it is not allowed is that the narrow impeachment exception of Harris v. New York, 401U.S. 222 (1971) only allows the limited admissibility of the illegally obtained evidence to impeach the credibility of the defendant's own testimony. When the defendant does not testify or when the defendant's statements are not offered through the testimony of an expert witness, the narrow impeachment exception of Harris does not apply.

Finally, the government is not left without any remedy at all. When the agents are cross-examined concerning the fact that they did not search John Meston's house or conduct a financial investigation of John Meston, they may testify that they believed such investigation was not necessary because the case

7

had been solved at that time and there was no need to commit other investigative resources.  Indeed, Meston and Elliot had both been arrested in the same room with the drugs.  A reasonable agent may or may not have determined that the case had been solved at that time and there was no need for further investigation.  The fact that Meston and Elliot had both confessed is not necessary in order for the government agents to testify that the case have been solved by the arrest of Meston and Elliot and they believed no further investigation was necessary.

Therefore, the defendant urges the Court to rule that the testimony of Frank Panessa will not open the door to allow the government to offer the suppressed statements of Mr. Elliot.  The defendant also asks the Court to rule that the defendant's cross-examination of the agents concerning their failure to search the residence of Meston or conduct a financial investigation of Meston does not open the door to allow the government to offer the suppressed statements of the defendant under the Harris impeachment exception.

Respectfully Submitted,

/s/ Joseph T. Vodnoy
JOSEPH T. VODNOY
Attorney for Defendant
BASHO ELLIOT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO.: 03-00244(1)SOM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CERTIFICATE OF SERVICE |
| ) | |
| BASHO ELLIOT, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

CERTIFICATE OF SERVICE

_____ I HEREBY CERTIFY that a copy of the foregoing document will be duly served by HAND DELIVERY and/or UNITED STATES MAIL, postage prepaid, to the parties identified below at their last known address on the date herein indicated.

Beverly Wee Sameshima
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850

DATED:    February 9, 2006               /s/ Joseph T. Vodnoy
                                          JOSEPH T. VODNOY
                                          Attorney for Plaintiff

9

                                          BASHO ELLIOT