EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Organized Crime/Drug Section

BEVERLY WEE SAMESHIMA #2556
Assistant U. S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
Email: Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA


                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00244 SOM |
| | ) | |
| Plaintiff, | ) | JOINT PROPOSED JURY |
| | ) | INSTRUCTIONS; CERTIFICATE OF |
| v. | ) | SERVICE |
| | ) | |
| BASHO ELLIOT,    (01) | ) | |
| aka "Bosch Elliot", | ) | Date:  February 27, 2007 |
| | ) | Time:  9:00 a.m. |
| Defendant. | ) | Judge: Hon. Susan Oki Mollway |


                JOINT PROPOSED JURY INSTRUCTIONS

          The United States of America, through its undersigned

counsel, Assistant United States Attorney Beverly Wee Sameshima,

and Defendant Basho Elliot, through his undersigned counsel,

Joseph Vodnoy, Esq., respectfully submit the following joint jury

instructions.  These instructions include the following Standard

Jury Instructions for Judge Susan Oki Mollway: 1, 2A, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15A, 16, 17, 19B, 20, and 21A, as well as other proposed jury instructions pertinent to this case. Permission of the Court is requested to subsequently withdraw any of the attached instructions or to offer such additional instructions as may, during the course of the trial, become appropriate.

DATED: February 7, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Beverly Wee Sameshima
   BEVERLY WEE SAMESHIMA
   Assistant U.S. Attorney


   /s/ Joseph Vodnoy
   JOSEPH VODNOY
   MICHAEL J. GREEN
   Attorneys for Defendant
   BASHO ELLIOT

**STANDARD JURY INSTRUCTIONS OF
UNITED STATES DISTRICT JUDGE SUSAN OKI MOLLWAY**

1.    Duty of Judge

2A.   Duty to Follow Instructions -- Single Defendant

3.    Reasonable Doubt

4.    Defendant's Decision not to Testify

5.    Evidence -- Excluding Argument of Counsel

6.    Evidence -- Objections

7.    Evidence -- Excluding Statements of Judge

8.    Evidence -- Stipulation

9.    Evidence -- Direct and Circumstantial

10.   Evidence -- Credibility of Witnesses

11.   Evidence -- Expert Witnesses

12.   Impeachment -- Generally

15A.  Impeachment of Defendant (General Instruction)

16.   On or About

17.   Knowingly

19B.  Caution -- Punishment (Single Defendant, Multiple Counts)

20.   Duty to Deliberate

21A.  Verdict Form -- Single Defendant

JOINT PROPOSED JURY INSTRUCTION NO. 1

The Defendant is charged in the Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Sections 846 and 841(a)(1) and (b)(1)(B) of Title 21 of the United States Code.

In order for a Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to the Defendant:

First, beginning from a date unknown but from approximately January 2002, and up through and including on or about May 6, 2003, there was an agreement between two or more persons to distribute and possess with intent to distribute cocaine;

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something

unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the co-conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of the conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more person who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The Government is not required to prove any of the overt acts.

If you find the Defendant guilty of knowingly and intentionally conspiring to distribute and possess with intent to distribute cocaine, then you must also determine the amount of cocaine involved in the entire conspiracy.  You shall consider the following options to the extent that you find them proven beyond a reasonable doubt:

(1) 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

(2) less than 500 grams of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

Once you have determined the amount of cocaine involved in the conspiracy, indicate the amount by having your foreperson mark the appropriate place on the verdict form.

9th Cir. Model Crim. Jury Instructions 8.16, amended per United States v. Shabani, 513 U.S. 10, 15-16 (1994) and Apprendi v. New Jersey, 530 U.S. 466 (2000).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

JOINT PROPOSED JURY INSTRUCTION NO. 2

The Defendant is charged in Count 2 of the Indictment with knowingly and intentionally attempting to possess with intent to distribute more than 500 grams of cocaine, its salts, optical and geometric isomers and salts of isomers, in violation of Section 846 of Title 21, United States Code.  In order for the Defendant to be found guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant intended to possess cocaine, with the intent to deliver it to another person;

Second, the Defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of possession of cocaine with intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you find the Defendant guilty of knowingly and intentionally attempting to possess with intent to distribute a quantity of cocaine, then you must determine the amount of cocaine involved in the attempt.  You shall consider the following options to the extent that you find them proven beyond a reasonable doubt:

(1) 500 grams or more of a mixture containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

(2) less than 500 grams of a mixture containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

Once you have determined the amount of cocaine involved in the attempt, indicate the amount by having your foreperson mark the appropriate place on the verdict form.

Ninth Circuit Model Crim. Jury Instructions 9.14, amended per United States v. Shabani, 513 U.S. 10, 15-16 (1994) and Apprendi v. New Jersey, 530 U.S. 466 (2000)

Ninth Circuit Instruction No. 5.3

GIVEN      _____
REFUSED    _____
MODIFIED   _____

2

JOINT PROPOSED JURY INSTRUCTION NO. 3

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

Ninth Circuit Model Crim. Jury Inst. No. 3.18

GIVEN _____
REFUSED _____
MODIFIED _____

JOINT PROPOSED JURY INSTRUCTION NO. 4

John Meston has been convicted of a crime arising out of the same events for which the Defendant is on trial.  This conviction is not evidence against the Defendant and you may consider it only in determining this witness' believability.  You should consider this witness' testimony with great caution, giving it the weight you feel it deserves.

Ninth Circuit Model Crim. Jury Instruction No. 4.12

GIVEN        _____
REFUSED      _____
MODIFIED     _____

JOINT PROPOSED JURY INSTRUCTION NO. 5

Some evidence is admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted

for a limited purpose, you must consider it only for that limited

purpose and for no other.

Ninth Circuit Model Crim. Jury Instruction No. 1.5

GIVEN     _____
REFUSED   _____
MODIFIED  _____

JOINT PROPOSED JURY INSTRUCTION NO. 6

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Model Crim. Jury Instruction No. 7.3

GIVEN     _____
REFUSED   _____
MODIFIED  _____

JOINT PROPOSED JURY INSTRUCTION NO. 7

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Crim. Jury Instruction No. 7.6

GIVEN        _____
REFUSED      _____
MODIFIED     _____

Clean set of Jury Instructions

USA v. Basho Elliot

Cr. No. 03-00244 SOM

JURY INSTRUCTION NO. _____

The Defendant is charged in the Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Sections 846 and 841(a)(1) and (b)(1)(B) of Title 21 of the United States Code.

In order for a Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to the Defendant:

First, beginning from a date unknown but from approximately January 2002, and up through and including on or about May 6, 2003, there was an agreement between two or more persons to distribute and possess with intent to distribute cocaine;

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something

unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the co-conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of the conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more person who are conspirators, nor merely by knowing that a conspiracy exists.

2

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The Government is not required to prove any of the overt acts.

If you find the Defendant guilty of knowingly and intentionally conspiring to distribute and possess with intent to distribute cocaine, then you must also determine the amount of cocaine involved in the entire conspiracy. You shall consider the following options to the extent that you find them proven beyond a reasonable doubt:

(1) 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

(2) less than 500 grams of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

Once you have determined the amount of cocaine involved in the conspiracy, indicate the amount by having your foreperson mark the appropriate place on the verdict form.

JURY INSTRUCTION NO. _____

The Defendant is charged in Count 2 of the Indictment with knowingly and intentionally attempting to possess with intent to distribute more than 500 grams of cocaine, its salts, optical and geometric isomers and salts of isomers, in violation of Section 846 of Title 21, United States Code.  In order for the Defendant to be found guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant intended to possess cocaine, with the intent to deliver it to another person;

Second, the Defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of possession of cocaine with intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you find the Defendant guilty of knowingly and intentionally attempting to possess with intent to distribute a quantity of cocaine, then you must determine the amount of cocaine involved in the attempt.  You shall consider the following options to the extent that you find them proven beyond a reasonable doubt:

(1) 500 grams or more of a mixture containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

(2) less than 500 grams of a mixture containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers;

Once you have determined the amount of cocaine involved in the attempt, indicate the amount by having your foreperson mark the appropriate place on the verdict form.

JURY INSTRUCTION NO. _____

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

JURY INSTRUCTION NO. _____

John Meston has been convicted of a crime arising out of the same events for which the Defendant is on trial. This conviction is not evidence against the Defendant and you may consider it only in determining this witness' believability. You should consider this witness' testimony with great caution, giving it the weight you feel it deserves.

JURY INSTRUCTION NO. _____

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

JURY INSTRUCTION NO. _____

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

JURY INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

JOSEPH VODNOY, ESQ.    jvonoy@vodnoylaw.com    February 14, 2007

Mainland Counsel for
Defendant BASHO ELLIOT

<u>Served by First Class Mail:</u>

MICHAEL GREEN, ESQ.                          February 14, 2007
345 Queen Street, 2nd Floor
Honolulu, HI   96813

Local Counsel for
Defendant BASHO ELLIOT

DATED:  February 14, 2007, at Honolulu, Hawaii.


 /s/ Shelli Ann H. Mizukami