EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00244 SOM |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S TRIAL BRIEF; |
| | ) | EXHIBITS "A" and "B"; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| BASHO ELLIOT,     (01) | ) | |
|   aka "Bosch Elliot", | ) | TRIAL DATE: February 27, 2007 |
| | ) | TIME: 9:00 a.m. |
| | ) | JUDGE: Susan Oki Mollway |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S TRIAL BRIEF

The United States of America herein files its trial memorandum in the above-captioned case.

I.   **FACTUAL BACKGROUND**

This court is very familiar with this case, having presided over the case when it was first tried in April 2004.

After a declaration of mistrial based upon "manifest necessity," the case was appealed to the Ninth Circuit where it was affirmed and an amended decision ordered upon denial of the defendant's petition for rehearing and rehearing en banc, United States v. Elliot, 453 F.3d 858 (9th Cir. 2006). Defendant filed a petition for writ of certiorari with the Supreme Court which was denied, United States v. Elliot, 127 S.Ct. 568 (2006). Defendant has been released on bail since his arrest in 2003.

**II. PRIOR MOTIONS**

Prior to the first trial, defendant filed two suppression motions: one attacked the sufficiency of the affidavit offered in support of the search warrant for the parcel; the other alleged Rule 16 and Miranda violations and sought suppression of the Defendant's statements to law enforcement officers as a result. By orders dated September 30, 2003 and February 25, 2004, the Court denied the motions. On January 16, 2007, defendant filed a motion in limine with respect to the use of defendant's statements to impeach Frank Panessa, its expert should he opine regarding the deficiencies in the agents' investigation of the case. This motion is scheduled for hearing on February 23, 2007. The statements the Defendant made to Task Force Officer Tanya Tano after his arrest will be offered in the government's case-in-chief. (Court Order dated February 25, 2004, pages 8-9)

**III. OTHER EVIDENTIARY ISSUES**

    A.    **Expert Modus Operandi Testimony**

DEA Special Agent Gerald Lawson will be offered as an expert[1] in the field of narcotics trafficking and specifically the methods and modus operandi used by drug traffickers to import drug parcels into this island state, and will testify about the value of the drugs and the significance of the large quantities involved. This expert testimony was the subject of a motion in limine prior to the first trial and was found admissible by this court. United States v. Valencia-Amezcua, 278 F.3d 901, 909 (9th Cir. 2002)(expert testimony on general structure and organization of large-scale methamphetamine labs); United States v. Murillo, 255 F.3d 1169, 1176 (9th Cir. 2001), cert. denied, 535 U.S. 948 (2002) (govt's expert's testimony that narcotics traffickers do not entrust large amounts of drugs to someone who does not know what he is transporting); United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1997)(same); United States v. Gil, 58 F.3d 1414, 1421 (9th Cir.), cert. denied, 516 U.S. 969 (1995)(expert testimony that drug traffickers employ counter-surveillance driving technique properly admissible);

---

[1] Agent Lawson's area of expertise is set forth in a letter dated April 2, 2004 which was faxed to the court and defense counsel on that date. (A true and correct copy is attached hereto as Exhibit "A")

United States v. Stewart, 770 F.2d 825, 831 (9th Cir. 1985), cert. denied, 474 U.S. 1103 (1986) (same).

The government has given notice of the refiling of its motion in limine regarding the expert testimony of Frank Panessa. (See original Motion and supporting Memorandum filed on March 22, 2004). The government submits that Panessa's testimony regarding the alleged inadequacies in the agents' investigation of Meston is not a proper subject of expert testimony because it is irrelevant to the jury's determination of Elliot's guilt or innocence. Whether the agents did or did not conduct a thorough search of Meston's residence or finances has no impact or bearing on whether Elliot is guilty or not guilty of conspiracy to distribute and possess with intent to distribute cocaine. Panessa's opinion regarding the agent's investigation is a back door attempt to usurp the jury's function of determining credibility. In essence, the defense is seeking to tell the jury that because the agents did not conduct a thorough investigation of Meston, Meston is not a credible witness and his testimony concerning Elliot should be discounted. Any credibility determination rests with the jury. United States v. Candoli, 870 F.2d 496, 506 (9th Cir. 1989); United States v. Binder, 769 F.2d 595, 601 (9th Cir. 1985).

In Morris v. Burnett, 319 F.3d 1254 (10th Cir. 2003), a habeas corpus petition was filed after the defendant was

convicted for sexual assault on a child.  One of the alleged constitutional errors was the court's exclusion of a defense expert opinion that the government's investigation was not thorough and professional.  The proffered expert would have testified that the investigation was not conducted in accordance with widely accepted standards.  The trial court concluded that the purpose of the testimony regarding the inadequacy of the investigation was to support the defendant's inference that the victim was not telling the truth.  Id. at 1273.  The Tenth Circuit rejected this claim, finding that the trial court's view of the proffer – that the import of the testimony was an opinion on the victim's credibility, although couched as whether the "investigation was properly conducted" was accurate and the evidence was properly excluded.  Id.

Similarly here, as was borne out by Panessa's testimony at the first trial, Panessa's opinion regarding the inadequacies of the agent's investigation is an attempt to tell the jury that Meston should not be believed.  On direct examination Panessa testified concerning the amount of cash found in Elliot's house after it was searched was far less than might be expected if someone had received two kilograms of cocaine.  Panessa opined that the amount of cash found at Elliot's home was not consistent with Mr. Meston's allegations.  (True and correct copies of pages 7-20 and 7-21 of Panessa's direct testimony are attached hereto

as Exhibit "A").  To allow Panessa's testimony on this subject would be allowing expert testimony on Meston's credibility which is not the proper subject of expert testimony.  Id. at 1273; United States v. Manning, 79 F.3d 212, 218 (1st Cir. 1996); United States v. Mason, 719 F.2d 1485, 1489 (10th Cir. 1983).

       In United States v. Sanchez-Lima, 161 F.3d 545 (9th Cir. 1998), the Ninth Circuit reversed and remanded the defendant's conviction when the prosecution elicited testimony from an agent which bolstered the second agent's credibility.  The defendant was charged with assaulting a federal officer.  At trial, one of the agents testified that, based on his training and experience, another agent was telling the truth during a post-incident interview about his encounter with the defendant.  Id. at 548.  The court concluded that under Ninth Circuit law, opinion evidence regarding a witness' credibility is inadmissible.  Here, the link between Panessa's opinion relating to the agents' investigation is a direct attack on Meston's credibility.  It is the jury's sole province to make this determination.  United States v. Geston, 299 F.3d 1130, 1136 (9th Cir. 2002)(Counsel should not ask one witness to comment on veracity of the testimony of another witness); United States v. Sanchez, 176 F.3d 1214, 1220-1221 (9th Cir. 1999)(opinion evidence regarding witness credibility is inadmissible)

In addition to the marginal relevancy of Panessa's opinion relating to the agent's conduct, Panessa's testimony is also integrally related to the defense motion in limine re: Elliot's statements.  For Panessa to render an opinion regarding the agents' conduct, he would have to disclose all the evidence upon which his opinion was based.  Central to the investigation was the fact that the agents' had statements from both Elliot and Meston corroborating their involvement in the conspiracy.  If the defense opens that door, the government should be allowed to cross-examine Panessa on that subject.  Otherwise, Panessa's testimony is misleading[2] and the defense will be allowed to use the exclusionary rule, a judicially created rule, to present a false and inaccurate impression of the evidence to the jury.

**B.    Evidence of Unexplained Wealth**

Among the items recovered from the search of the defendant's residence were documents indicating expensive jewelry recently purchased, copies of tax returns, mortgage documents, large sums of currency and other indicia showing the defendant's assets and his taxable income in documents submitted to the Internal Revenue Service.  The government will offer all such evidence in its case-in-chief.

---

[2]    In order for Panessa's opinion to even be admissible as expert testimony, adequate foundation must also be laid which would include his disclosure of all materials, reports and other evidence which he used to base his opinion. Federal Rule of Evidence 703.

The Ninth Circuit has held that evidence of sudden or unexplained wealth is admissible in drug conspiracy trials if it creates a reasonable inference that the unexplained wealth came from the drug offense. United States v. Layne, 192 F.3d 556 (6th Cir. 1999), cert. denied, 529 U.S. 1029 (2000); United States v. Miguel, 952 F.2d 285, 288 (9th Cir. 1991); United States v. Ordonez, 737 F.2d 793, 811 (9th Cir. 1983) (tax returns properly admissible because the jury could infer that defendant's large expenditures paid on house rentals must have come from an illegal source). United States v. Penny, 60 F.3d 1257, 1263 (7th Cir. 1995), cert. denied, 516 U.S. 1121 (1996) (same).

Because this is a drug conspiracy case, the government is entitled to show that Elliot's verifiable income (e.g. as shown on his tax returns for the years of the conspiracy) cannot account for the large expenditures on luxury items found as a result of the search warrant executed on his property and his living expenses. United States v. Edwards, 885 F.2d 377, 390 (7th Cir. 1989) (unexplained wealth admissible in criminal forfeiture context); United States v. Haro, 685 F. Supp. 1468, 1474 (E.D. Wis. 1988).

**C.   Testimony of Russell Woodward**

In the first trial, the United States requested and was granted leave to present Detective Russell Woodward's testimony in two parts. Woodward testified early in the case as a

8

percipient witness, as one of the agents involved in the investigation prior to and shortly after defendant's arrest. The government would then like to call Detective Woodward later in the case after certain telephone and federal express documents are admitted through stipulations and custodians of record to testify as a summary witness, summarizing these documents.

Federal Rule of Evidence 611(a) vests the trial court with broad discretion in determining the mode and manner of presentation of witnesses. Rule 611(a) provides in relevant part:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

The United States requests that this court exercise its broad discretion under Federal Rule of Evidence 611(a)to again allow Woodward's testimony to be presented in this manner. United States v. Baker, 10 F.3d 1374, 1411 (9th Cir. 1993) (agent's testimony summarizing value of narcotics used in case appropriate under Rule 611(a) to make presentation effective for ascertainment of truth, not as expert testimony); United States v. Olano, 62 F.3d 1180, 1203 (9th Cir. 1995); cert. denied, 519 U.S. 931 (1996)(CPA case agent's summary testimony of preceding witness testimony proper under Rule 611(a)). See also, United

States v. Pauli, 935 F.2d 739, 752-54 (6th Cir.); cert. denied, 502 U.S. 917 (1992)(testimony of nonexpert summary witness regarding cash generated from cocaine sales in drug conspiracy admissible under Rule 611(a) where court gave limiting instruction and defense had full opportunity to cross-examine.) The documents upon which the summaries/charts are based are voluminous and it would be helpful to the jury to have them summarized. United States v. Gardner, 611 F.2d 770, 776 (9th Cir. 1980)(summary chart admissible in tax evasion case under Rule 611(a) because it "contributed to clarity of the presentation to the jury, avoided needless consumption of time and was a reasonable method of presenting evidence"). The defense has had the records upon which Woodward's summary testimony will be based since they were admitted in the first trial. The proposed presentation will result in a logical submission of the evidence. There is no reason why the same mode of presentation should not be allowed.

DATED:  February 14, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By  /s/ Beverly Wee Sameshima
    BEVERLY WEE SAMESHIMA
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

JOSEPH VODNOY, ESQ.     jvonoy@vodnoylaw.com     February 14, 2007

Mainland Counsel for
Defendant BASHO ELLIOT

Served by First Class Mail:

MICHAEL GREEN, ESQ.                              February 14, 2007
345 Queen Street, 2nd Floor
Honolulu, HI  96813

Local Counsel for
Defendant BASHO ELLIOT

      DATED:  February 14, 2007, at Honolulu, Hawaii.

      /s/ Shelli Ann H. Mizukami