EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808)541-2850
Facsimile:  (808)541-2958
E-mail:  Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00244-01 SOM |
| | ) | |
| Plaintiff, | ) | UNITED STATES OF AMERICA'S |
| | ) | MOTION RE FRANKIE VARGAS' |
| vs. | ) | TESTIMONY; DECLARATION OF |
| | ) | BEVERLY WEE SAMESHIMA; |
| BASHO ELLIOT, (01) | ) | CERTIFICATE OF SERVICE |
| aka "Bosch Elliot," | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Date:  February 27, 2007 |
| | ) | Time:  9:00 a.m. |
| | ) | Judge:  Susan Oki Mollway |

UNITED STATES OF AMERICA'S MOTION
RE FRANKIE VARGAS TESTIMONY

     The United States of America ("United States") moves

this court for an offer of proof from the defense regarding

defense witness Frankie Vargas' ("Vargas") testimony prior to the

trial of this case scheduled to begin on February 27, 2007.  The government believes it appropriate and essential to address this issue prior to Vargas' testimony for the following reasons:  (1) to prevent and/or resolve any conflict of interest issues relating to Vargas; and (2) to resolve any Fifth Amendment issues relating to Vargas.  This motion is based upon the files and records of this case and events which occurred after the first trial as set forth herein and in the declaration of counsel.

        Vargas testified in the first case, averring that he resided in California and was using a cell phone on the date of the defendant's arrest which had been provided to him by Michelle Alvarez, the manager of Chiaso's.  According to Vargas, he was employed as a sous chez at Chiaso's, a restaurant located in the Los Angeles area. Vargas testified that he and the defendant were long time acquaintances/friends and the calls made to Elliot's cell phone from his employer's phone were made by him and were not drug related but instead had to do with the status of a surfboard defendant was shaping for Vargas.  The import of Vargas' testimony was to undercut Meston's testimony regarding the calls Elliot received after he got the drug parcel. The events which occurred after Vargas's testimony relating to Sergio Hevia's testimony are well documented in pleadings relating to the defendant's motion to dismiss indictment, this court's

2

subsequent order and the Ninth Circuit decisions affirming the district court's order.  Sergio Hevia and his representation by defense counsel Richard Gordon while Gordon represented the defendant caused a mistrial in the first case based on "manifest necessity."

Vargas was subpoened to testify before a federal grand jury in January, 2005. At the time Vargas was served with the subpoena, he told the officer who served him, "I heard you guys might be coming.  If you don't mind I'm going to refer you guys to my attorney, Richard Gordon."  When asked if he would allow the officers to interview him, Vargas advised that it would be better if they contacted his attorney.  When the officers served Vargas with the subpoena, Vargas told them that he didn't really want to take it and asked what would happen if he did not. (Declaration of Beverly Wee Sameshima)

On January 26, 2005, Vargas appeared before a federal grand jury in Hawaii and after asserting his name, claimed the Fifth Amendment to each and every question asked him, with the exception of who his present attorney was. Vargas averred that his present attorney was Pam O'Leary and that she had been his attorney for a "couple of days." (Declaration of Beverly Wee Sameshima)

Ms. O'Leary had contacted government counsel earlier

3

that morning to advise that she had been retained to represent
Vargas.  She also accompanied Vargas to the grand jury witness
room and remained in the grand jury witness room during Vargas'
testimony and Vargas consulted with her once during his
testimony.  (Id.)

At the Final Pretrial Conference for this case before
Magistrate Kurren on January 29, 2007, defense counsel Joseph
Vodnoy informed the parties that he would be calling all the same
witnesses as in the first trial, with the exception of Sergio
Hevia.  When asked specifically whether Vargas would be called as
a witness, Vodnoy confirmed that Vargas would testify as a
defense witness.

On or about February 13, 2007, Vodnoy advised
government counsel that he would be meeting with Vargas in the
next few days.  Vodnoy asked for a copy of Vargas' grand jury
testimony but did not provide the government with any legal or
other basis as to why he was entitled to the 6e material.

Given the conflicts of interest and other questionable
conduct which occurred in the first trial, together with Vargas'
assertion of the Fifth Amendment before the grand jury, the
government requests that defense counsel be required to provide
an offer of proof as to Vargas' testimony.  First, it is apparent
that Vargas was represented by Richard Gordon well after the

4

trial, at least as of December 3, 2004, the date he was served with the grand jury subpoena.  In all likelihood Gordon represented Vargas **during** the first trial. Thus, although the conflict of interest issue raised in the first trial centered around the pivotal defense witness, Sergio Hevia, Gordon's representation of Vargas may also have surfaced had Vargas been asked that question and had that issue been raised.

Vargas should be compelled to provide testimony outside the jury's presence to determine the substance of his testimony in order to discern whether:  (1) he has a Fifth Amendment privilege with respect to that testimony; (2) he has been properly advised of his rights; (3) whether he may have a conflict of interest with the defendant which should be protected by independent and separate counsel.  Vargas himself has raised the possibility or specter or a Fifth Amendment issue by asserting the privilege in the grand jury on the same areas and subject matter regarding his testimony in the first trial.  The court and the government have an interest in preventing circumstances similar to those which led to a mistrial in the first trial.

Accordingly, the United States requests that the defense provide the court and government with:  (1) an offer of proof as to Vargas' testimony; (2) an offer of proof as to

5

whether Vargas' is represented and by whom; and (3)a preview of Vargas' testimony outside the presence of the jury to flush out these issues; and (4) whether Vargas intends to assert the Fifth Amendment at trial.

WHEREFORE, for all of the foregoing, the United States requests that its motion be granted.

DATED:  February 16, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Beverly Wee Sameshima
By_____
BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

<u>Served Electronically through CM/ECF</u>:

JOSEPH VODNOY, ESQ.    jvodnoy@vodnoylaw.com    February 16, 2007
Mainland Counsel for
Defendant BASHO ELLIOT

<u>Served by First Class Mail</u>:
MICHAEL JAY GREEN, ESQ.                    February 16, 2007
345 Queen Street, 2nd Floor
Honolulu, HI   96813

Local Counsel for
Defendant BASHO ELLIOT

DATED: February 16, 2007, at Honolulu, Hawaii.

<u>/s/ Patricia L. Redondo </u>