IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-00244 SOM/BMK |
| | ) | |
|     Plaintiff, | ) | |
| | ) | ORDER REGARDING BRIEFING ON |
|  vs. | ) | UNAVAILABILITY OF WITNESS |
| | ) | |
| BASHO ELLIOT, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

          ORDER REGARDING BRIEFING ON UNAVAILABILITY OF WITNESS

          At a hearing earlier today, Francisco Vargas asserted his Fifth Amendment rights.  Defendant Basho Elliot then orally moved to be allowed to use Vargas's testimony from the previous trial, asserting that Vargas became legally unavailable under Rule 804 of the Federal Rules of Evidence when Vargas asserted his Fifth Amendment rights and refused to testify in the present trial.

          The court has requested briefing by noon, March 5, 2007, on Elliot's oral motion as to whether Elliot should be allowed to use Vargas' prior testimony in this proceeding.  The court invites (but certainly does not require) Vargas's counsel, Willie Domingo, to submit a brief on this matter.  In addition to discussing whether Vargas has become legally unavailable, the parties should brief whether any use of Vargas's prior testimony could in any manner adversely affect Vargas.  For example, because the previous trial ended in a mistrial, would Vargas have

the defense of immateriality to a perjury charge?  If so, and if his testimony is read in the present trial, would that affect the issue of whether his testimony was material to issues presented at this trial?  If the Government will not pursue Vargas for possible perjury arising out of his testimony in the prior trial, the Government may inform the court of such an intention, but, of course, need not do so.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, March 2, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>United States of America v. Basho Elliot</u>, Cr. No. 03-00244 SOM/BMK; ORDER REGARDING BRIEFING ON UNAVAILABILITY OF WITNESS.