MICHAEL JAY GREEN
Attorney at Law
Hawaii Bar No. 4451
345 Queen Street, Second Floor
Honolulu, Hawaii 96813
Tel: (808) 521-3336
Fax: (808) 566-0347

JOSEPH T. VODNOY
Attorney at Law
California Bar No. 031147
316 West Second St., Suite 1200
Los Angeles, CA 90012
Tel: (213) 893-7500
Fax: (213) 489-4700

Attorneys for Defendant
BASHO ELLIOT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BASHO ELLIOT, )<br>)<br>Defendant. )<br>)<br>_____ ) | Case No. 03-00244(1)SOM<br><br>**DEFENDANT'S BRIEF ON THE FORMER TESTIMONY EXCEPTION TO THE HEARSAY RULE** |

2

      The defendant, BASHO ELLIOT, hereby files this brief on the former testimony exception to the hearsay rule.

      /s/ Joseph T. Vodnoy  
      JOSEPH T. VODNOY  
      Attorney for Defendant  
      BASHO ELLIOT

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE FACTS

The defendant Basho Elliot has subpoenaed Frankie Vargas as a defense witness. Mr. Vargas has asserted his Fifth Amendment privilege against self-incrimination. He is thus now an unavailable witness. At the defendant's first trial, Frankie Vargas testified as a defense witness. He was cross-examined by the government on that occasion. Mr. Vargas testified that he had a conversation with Basho Elliot shortly before Mr. Elliot was arrested. He testified that the conversation concerned surfboards and not drugs or drug trafficking. Mr. Vargas is an important defense witness. Since he is unavailable, the defendant moves to admit his former testimony into evidence pursuant to Federal Rules of Evidence 804 (b)(1).

## ARGUMENT

## I

## THE TRANSCRIPT OF THE TESTIMONY OF FRANKIE VARGAS IS ADMISSIBLE UNDER THE FORMER TESTIMONY EXCEPTION TO THE HEARSAY RULE

The hearsay rule prohibits admission of certain statements made by a declarant other than while testifying in trial. FRE. 801(c) (hearsay definition), 802 (hearsay rule). United States v. Salerno, 505 U.S. 317, 320 (1992). A witness is unavailable if the witness properly invokes the Fifth Amendment privilege against self-incrimination and refuses to testify. United States v. Salerno, supra, at 321; FRE. 804 (a)(1). When a witness asserts the Fifth Amendment, he becomes unavailable and his former testimony is admissible under the former testimony exception to the hearsay rule set forth in Rule 804(b)(1) which provides:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
> (1)   Former Testimony - Testimony given as a witness at another hearing . . . if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

In United States v. Koon, 34 F.3d 1416, 1426-1428 (9th Cir. 1994) three police officers: Koon, Powell, and Briseno were tried in federal court on a charge of violating the civil rights of Rodney King. At an earlier state court trial which resulted in some acquittals and a hung jury, Briseno testified as a defense witness. In the federal trial, Briseno elected not to testify and asserted his Fifth Amendment privilege. In rebuttal, the government moved to admit the former testimony of Briseno in the state trial under the former testimony exception to the

4

hearsay rule.

The Court held that the former testimony was admissible under Federal Rules of Evidence, Rule 804 (b)(1). Briseno was unavailable at the federal trial because he had a Fifth Amendment privilege not to testify. Koon and Powell were parties to the state court proceeding and had an adequate opportunity and similar motive to cross-examine Briseno during the former trial. Thus, the Court held that the former testimony was admissible under Rule 804(b)(1).

The Court rejected the argument that Koon and Powell had additional cross-examination of Briseno based upon new evidence developed after the state court trial, namely, the enhancement of the videotape of the alleged arrest of King. They claimed that this amounted to a lack of opportunity to cross-examine Briseno at the state trial. The Court stated that "The failure of a defendant to discover potentially useful evidence at the time of the former proceeding does not constitute a lack of opportunity to cross-examine." United States v. Koon, supra, at 1427. See also, Thomas v. Cardwell, 626 F.2d 1375, 1386 n.34 (9th Cir. 1980) [discovery that the witness was schizophrenic after the first trial, did not bar admissibility of the former testimony of the witness at the second trial.]

In the case of Frankie Vargas, the government had an adequate opportunity to cross-examine. The fact that the government wishes to ask further questions of Vargas at the second trial does not prevent the admission of the

5

former testimony of Vargas if he is unavailable.  If the Court excludes the former testimony of Frankie Vargas, it would violate the defendant's constitutional right under the Sixth Amendment to the compulsory process of witnesses and would violate the defendant's right to due process and a fair trial.  <u>Webb v. Texas</u>, 409 U.S. 95 (1972); <u>United States v. Morrison</u>, 535 F.2d 223, 226-228 (3d Cir. 1976).

DATED:   March 5, 2007                          /s/ Joseph T. Vodnoy
                                                JOSEPH T. VODNOY
                                                Attorney for Defendant
                                                BASHO ELLIOT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO.: 03-00244(1)SOM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CERTIFICATE OF SERVICE |
| ) | |
| BASHO ELLIOT, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

*Served Electronically through CM/ECF*:

Beverly Wee Sameshima, AUSA    Beverly.Sameshima@usdoj.gov    March 5, 2007


DATED:   March 5, 2007                     /s/ Candace Park
                                            CANDACE  PARK

7