JOSEPH T. VODNOY
Attorney at Law
California Bar No. 031147
316 West Second St., Suite 1200
Los Angeles, CA 90012
Tel: (213) 893-7500
Fax: (213) 489-4700

Attorney for Defendant
BASHO ELLIOT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                             )<br>           Plaintiff,                       )<br>                                                             )<br>     v.                                                  )<br>                                                             )<br> BASHO ELLIOT,                          )<br>                                                             )<br>           Defendant.                   )<br>                                                             )<br>_____ ) | Case No.  03-00244(1)SOM<br><br>**DEFENDANT'S MOTION FOR**<br>**BAIL PENDING APPEAL**<br><br>Date:        June 25, 2007<br>Time:       9:00 a.m.<br>Courtroom: Hon. Susan O. Mollway |

TO THE UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on June 25, 2007 at 9:00 a.m. in the Courtroom of the Honorable Susan O. Mollway the Defendant, BASHO ELLIOT, will move for bail pending appeal.

DATED:   June 21, 2007                              /s/ Joseph T. Vodnoy
                                                                    JOSEPH T. VODNOY
                                                                    Attorney for Defendant
                                                                    BASHO ELLIOT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### THE COURT SHOULD GRANT BAIL PENDING APPEAL.

The release or detention of a defendant who has been found guilty is governed by 18 U.S.C. section 3143 in the Bail Reform Act of 1984. If the defendant has been found guilty and sentenced to a term of imprisonment, he must be detained pending any appeal or petition for writ of certiorari unless two criteria are met. First, the court must find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community or any other person. Second, the court must find that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or order for a new trial. 18 U.S.C., § 3143(b)(1). The term "substantial question" means a legal issue that is "fairly debatable" or one that is "fairly doubtful." United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). The term substantial question "cannot be read as meaning, . . . that the district court must conclude that its own order is likely to be reversed." United States v. Miller, 753 F.2d 19, 23 (3rd Cir. 1985).

Mr. Elliot requests that the Court grant bail pending appeal. He is not a flight risk. He remained on bail pending his first Ninth Circuit appeal. His

appeal raises substantial issues for review.

The issues include the Court's ruling that the defendant could not present evidence related to the government's failure to search John Meston's house or investigate his finances without opening the door to allow the government's use of his statements suppressed under <u>Miranda</u>.  See, <u>James v. Illinois</u>, 493 U.S. 307 (1990).  There is also the defendant's objection to the Court appointing a lawyer for defense witness Frankie Vargas.  Vargas was a willing defense witness until a lawyer was appointed for him.  Finally, the defendant may argue on appeal that the government's actions in accusing both Hevia and Vargas of committing perjury caused both Hevia and Vargas to refuse to testify and this resulted in a denial of the defendant's Constitutional right to the compulsory process of witnesses and to due process.  See, <u>United States v. Morrison</u>, 535 F.2d 223, 226-228.

DATED:    June 21, 2007                             /s/ Joseph T. Vodnoy
                                                    JOSEPH T. VODNOY
                                                    Attorney for Defendant
                                                    BASHO ELLIOT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.: 03-00244(1)SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| BASHO ELLIOT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

*Served Electronically through CM/ECF*:

Beverly Wee Sameshima, AUSA      Beverly.Sameshima@usdoj.gov

                                            June 21, 2007

DATED:    June 21, 2007                                /s/ Candace Park
                                                                  CANDACE  PARK